All right. We'll wait until it's ready. Okay. Now we can call case number 22-20552, Charles v. United Community Bank, Incorporated, in the NRA matter of Charles, and we'll start with Single. Your Honor, the sole issue in this case will depend on answering this one question. Can the courts reduce the statutory deadline created by Congress in 11 U.S.C. 502, which provides a deadline to file a proof of claim for the governmental units solely because that governmental unit hired a private party servicer? That basically is the issue. The two courts, the District Court and the Bankruptcy Court, both ruled illogically that yes, the courts can create either a judicial exception to that statutory deadline or can reduce it. I would submit to you that the statute itself provides that that deadline can be enlarged if, let's say, a governmental unit did not get a notice of bankruptcy filing or because it filed a motion for some other reasons within that time allowed, that can be extended. But under no provision, there is no case law that anybody has cited, the courts, the appellee, or I could not find because no court in decades long of bankruptcy litigation has ever ruled this illogically. So what happened here? Chapter 13, Charles R. the Chapter 13 debtors. There are two deadlines, the creditors, private creditors get to file a deadline, a proof of claim in a shorter deadline. The governmental creditors have a longer deadline. In this case, the deadlines were November 9, 2020 for private and March 1, 21 for the government. Now, if they don't file it, then what happens? A debtor or the trustee can file a proof of claim on their behalf. The debtor gets 30 days after the creditor's original deadline has run out. Well, I don't think there's any dispute that if this was properly a governmental, then it was timely and that if it was not governmental, it was untimely. The question is the governmental. So please explain your argument that this was in fact governmental. So we can, there are two ways to look at it. The bankruptcy court's orders, actually, if you look at the analysis, like when a math solution has been answered, everything the is logical. Everything is correct except for the conclusion. So for example, the bankruptcy court found that Great Lakes is not the owner of this law. It's the servicer. And Great Lakes, by the way, had no role in this. They did not appear, they did not file, and yet several pages have been wasted by both the courts dealing with Great Lakes status in this case, and I don't know why. But bankruptcy court said that everybody agrees that Great Lakes is a nonprofit institution. It's merely the student loan servicer and does not own the student loan and services. The debtor agrees that Great Lakes was servicing the loan, which was made by the U.S. Department of Education. So then why did the deadline change? Because the several pages that were spent on Great Lakes were, oh, Great Lakes, as a servicer, had the standing to file the proof of claim. I agree. I've been saying that, that as an agent, you can file proof of claims either as an agent or if you are the creditor, which is the real party in interest. Are you kind of saying it's like having an attorney or being pro se, either one is an option? No. So, Your Honor, I don't know. I mean, is that a similarity to this, to what you just said? No. Maybe I'll confuse you. So let me put it this way. U.S. Department of Education can file a proof of claim, right? No court held that it either sold or assigned or reduced its status, right? And then it hired Great Lakes to service the loan, which is merely to provide statements to the student borrowers and to do the administrative functions. So in this case, what you're saying is Great Lakes' standing was on behalf of the U.S. Department of Education. That's correct. So you can have... Just like your standing, standing here is on behalf of the Charles' department. Unless I had a direct stake in this litigation, which I don't. Even attorney fees are not here. So I don't have a direct stake in this litigation. I am representing. So the courts got confused by stating that since Great Lakes has a standing to file, the deadline reduces. So what they're saying is that the moment the federal government or any agency of that federal government hires a private party as its agent, it loses or its federally statutory deadline made by the Congress is gutted down to the lower deadline, which is afforded to the private party. Is there any support for the idea that either one could file, one of them acting as the agent, the servicing entity, as opposed to the owner of the loan that both of them had? It's one debt, but either of them or both could file a bankruptcy claim. There is a case that I cited, which is in Ray, Washington, from Eastern District of Wisconsin, where Great Lakes actually filed a proof of claim on behalf of U.S. Department of Education. And it filed it late after the deadline, so it argued that we didn't get a notice. So the court said, if you didn't get notice, there's an assumption in that statute that the deadline only can happen if you know. So the bankruptcy, if you didn't get a bankruptcy. So most of those cases cited by the judge corresponds to private parties. There's no government party. Let me ask you this. Yes. Can we decide this case without determining what the definition of the word instrumentality is under the section 101-27? Because to me, the question that is most difficult is, is the loan servicing agent an instrumentality of the government? Do we need to frame the issue that way in order to answer the question you originally posed? No, Your Honor, and I'll tell you why. Great Lakes is not here. They did not appear. They did not file. So let's say Great Lakes had filed this proof of claim and not my client. In this case, my client's filing it. So Great Lakes had filed it and the appellee was objecting that Great Lakes is not instrumentality, that somehow Great Lakes, since Great Lakes filed even on behalf of the government, it should have filed it under the private deadline, then maybe at that time you could have entertained that discussion. And even that discussion, I believe that unless Great Lakes was filing on its own behalf, I think that would have gone in my... You're just saying they're an agent and they're filing on... If they did file, they are filing on behalf of the government. And when the government hires an agent, it doesn't matter whether they hire them as a government employee or this or that or whatever, it's still who is the owner of the loan. That's your argument. That's right. And the government... You want to make it easy. Who owns the loan? That's who matters. The government is the creditor. That never changed. I mean, if somehow a private person managed to hire a government agent to file it, it wouldn't make their time longer, right? That's right, Your Honor. I don't know that they could do that, but if they could. That's why I'm here, because my writings could not convey that point. That's the point. The only time that changes is, let's say, if the government had sold that loan, I still do not think that would have changed the nature of the loan. The private party could probably still... I don't know. That's speculating. But the government did not change the loan. So the confusion, I believe, initially was that the proof of claims did not have enough evidence in them. And I disagree. And we can look at those proof of claims. And even if they were, it's not fatal, because there's supposed to be a hearing and the debtor's supposed to be afforded additional time to present. And I filed a Rule 59E, because the bankruptcy judge sustained the objection with less than 24 hours, without giving my client a due process or a hearing. And then Rule 59 motion was set for hearing, and the judge ruled on the morning of that hearing date. So I did not ever get to argue to Judge Norman the same issue that I'm arguing to. So was the confusion then that when your client filed the proof of claim is that it said DOE and Great Lakes slash DOE? And then the reliance was then on the Great Lakes, and DOE wasn't even discussed? I believe his confusion, the way I read his order, was that the servicer. But the statement provided, the name of U.S. Department of Education was laid out, the account number was there, the Stafford loan. Now, understand, the loans are Stafford loans and Direct Plus loans. They both are also statutorily created by the government. I believe Senator Pell was instrumental in FAFSA, which where the students were supposed to start paying interest. So these loans, the name of the loans were identified on the statement, and when the first order came, I refiled that motion, 459E motion, attached the application, attached the description of their relationship between Great Lakes and the government, and both the courts agree that Great Lakes is a servicer. So neither of the courts found that Great Lakes is the servicer. They just kept arguing or analyzing that somehow because Great Lakes is the servicer, it has a standing. Okay, but Great Lakes is not here. It did not file it. I wish they had, then I didn't have to file it. So, Your Honor, I'll save my time. That's all I have at this moment. You've saved some time for rebuttal. Thank you. We'll now hear from the opposing creditor, Ms. Perry, on behalf of the United Community Bank. Good morning. May it please the Court, my name is Debra Perry, and I'm appearing today on behalf of Eppley United Community Bank. Your Honor, we respectfully ask the Court today to affirm the decisions of the lower courts in this matter, who did not abuse their discretion in determining that the proof of claim filed on behalf of Great Lakes was untimely. Okay, but is there any dispute as to who is the actual owner of the loan? Who is the one that the money's owed to? Is there any dispute on that? I think it's important, Your Honor, to look at what the proof of claim had attached to it, which all it had attached to it was a statement by Great Lakes Federal Loans, but there is no evidence attached to the proof of claim even showing that it's a loan from the Department of Education. Are you now disputing that? I'm saying there's no evidence. You don't think the 59E cleared that up? I think that the 59E had loan applications to the Department of Education, and certainly, I believe the court below kind of assumed that these were loans were through the Department of Education and then serviced by Great Lakes. So, I would say that would make them the loan. The owner of the loan would be the Department of Education, and the servicer would be Great Lakes. Why does that make Great Lakes the one we have to rely on for the timing? The reason why it makes Great Lakes the one that we have to rely on for the timing, Your Honor, is because when we go back and we look at the purposes behind the longer governmental bar date, as we know, there is a shorter bar date for nongovernmental entities and a longer bar date for governmental entities. And the rationale behind that, if we go back and look at the House report in 1977, is that the Congress specifically said, in light of the difficult administrative burden on taxing authorities, especially the Internal Revenue Service, in dealing with a bankrupt taxpayer and being required to prepare and file a tax claim, it is anticipated that any amendment to the rules of bankruptcy procedure will not deprive taxing authorities of this amount of time to file proofs of claim. It makes logical sense that governmental units would be allowed a longer period of time in which to file claims because of the administrative burden placed on them. However, when they contract with a servicer to perform administrative functions on behalf of the federal government, then the nongovernmental bar date should apply. Counsel, let me ask the same questions I asked your opponent. Would it be incorrect to say that either the government agency or the loan servicer could have filed a proof, a valid proof of claim in this case? And I guess it's a question of standing. Who could file a proof of claim representing this debt? Your Honor, we don't have the servicing agreement in the record. So we don't know who has the obligation to file the proof of claim. I did a search. I found it would be logical to infer, although we do not admit, that either the Department of Education or Great Lakes would have standing to file the proof of claim. Here, what the appellants did was they filed the proof of claim. They referenced Great Lakes and Department of Education as the creditor, which is obviously confusing. Then when they go down to put down the addresses for Great Lakes, we see notices for the creditor in Madison, Wisconsin, where Great Lakes is located, not where the Department of Education is located. We see an address in St. Louis, Missouri, for where funds should be sent in connection with the claim, also an address for Great Lakes, not the Department of Education. It may be unfortunate for appellants the way that they do, but we do not have sufficient evidence to the proofs of claim in order to establish that this was filed solely on the behalf of the Department of Education. Let me ask you also the same question I asked your opponent. The other question was, can we decide this case without getting into the definition of instrumentality under Section 10127? Absolutely, Your Honor. This court could find, because the standard of review here is abuse of discretion, that the lower courts did not abuse their discretion in finding, based on the very limited record that the appellants had not established, that this was a claim of a governmental unit. The court does not need to do that today. But the court could rule in a very limited way based on the facts of this particular case. How would we identify Great Lakes as a creditor with the record before the court? So you would look, Your Honor, at the schedules that are part of the record where the debtors identified Great Lakes as holding a claim. In the bankruptcy case, the debtors, I believe, filed several iterations of the schedules, and those are sworn under penalty of perjury. In addition, there's also a certification of address that is also included in the proof of claim. Well, and I guess, help me understand. So the DOE and the claim has DOE in there. They definitely are a creditor, right, if they own the loan, the Department of Education. So why wouldn't the court then rely on the later bar date instead of the earlier one? Precisely, Your Honor, because the government did contract with a private servicer, and that private servicer is the one who the debtors filed the claim on behalf of. That is who was listed in the schedules. That is who is listed on the mailing matrix. That is who is listed on the proof of claim. It's Great Lakes' addresses that are listed on the proof of claim. The funds flow through Great Lakes. Great Lakes— But when you're a lawyer representing a government, you may have all these ideas of what to do, but you're still going to need to check in with your client. So the problem is the notion that just hiring a private servicer means you stop being the first time I've heard that notion. And, Your Honor, we're not arguing that the Department of Education ceases to become a governmental unit when it hires someone to service a loan. However, when it does hire someone to service the loan, and that party has standing, and that party is charged with filing a proof of claim on behalf of the government, then that party is bound by the nongovernmental bar date because the rationale behind the longer governmental bar date no longer applies. And— Well, how do you know it doesn't? Because how do you know the government doesn't need to consent to the filing? And they've got 3 million over here on the list, and they're working through the list. I mean, the problem is I'm sure you have represented clients who are a little slower than other clients in responding to you, and you've got deadlines coming up, etc., etc. It doesn't change the fact that while you are here talking to us, you're not talking to us on your behalf. You're talking to us on the behalf of your client. So you're an agent of your client. Why is Great Lakes not an agent of the Department of Education in this context? So there's nothing—there's actually nothing in the record that reflects that they are an agent from that standpoint. If you look at the record, we have these account statements. What we don't have is the servicing agreement. A servicing agreement, which would be very helpful—would demonstrate whose responsibility is it to file the proof of claim and what machinations— Would the Charleses have that service agreement? I don't know. I don't know, Your Honor. I weren't given any time to go get it, right? I mean, I thought he said it was very quickly—y'all's motion was very quickly granted and the 59E was very quickly denied. Your Honor, it's certainly absolutely accurate to state that the initial objection to claim was very swiftly granted. But with respect to the motion for reconsideration, number one, if we look at the standards for motions for reconsideration, there was no new evidence that appellants provided. And what they did provide were some applications for the loans. They didn't provide the servicing agreement. They had ample opportunity in connection with that motion for reconsideration to put that servicing agreement in front of the court. In addition, opposing counsel is now arguing that his clients were not granted due process, an argument that he did not make at the district court level in the briefing, an argument that he did not make in the briefing here in front of this court. Therefore, that issue has certainly and definitively been waived. In addition, the bankruptcy court and the district court both made the point that from a finality standpoint, it is beneficial for both debtors and creditors to hold nongovernmental entities to the quicker bar date. That does provide the finality that we look for on behalf of both debtors and creditors to determine if there is a plan that is in place. And, you know, quite simply, Your Honors, there's also no evidence here that Great Lakes is an instrumentality of the government. As Your Honor asked, we certainly don't need to reach that question in connection with this analysis. But if we were to reach that there is no evidence that Great Lakes is an instrumentality of a governmental unit. And I think it's important to note that many of the cases that opposing counsel cited in their briefing for that proposition involved two different types of entities that are very different from what we're dealing with here today with respect to Great Lakes. For example, many of the cases deal with federal credit unions. So one of the things that courts look at when they're determining whether an entity is an instrumentality is the role that that entity plays. Federal credit unions are clearly a separate animal from a private entity such as Great Lakes. In addition, the other types of entities that the cases cite to when finding that an entity is an instrumentality of a governmental unit are Pennsylvania Higher Education Assistance Authority, New Jersey Student Assistance Authority, entities that were formed specifically by those states. We do not have any evidence in the record here that Great Lakes was formed by the federal government, that the federal government appoints officers of it, that it is subject to extensive government regulation, that it is exempt from federal tax. I'm going to go back to the creditor issue. Is it your position that the Department of Education is not a creditor on the student loan? That is not our position. In your honors, for all of the foregoing reasons stated today, it is United Community Banks' position that the bankruptcy court did not abuse its discretion, and we respectfully ask that this firm, the decisions of the district court and the bankruptcy court. Thank you. And then I guess with regard to the creditor issue on DOE then, so you're saying it's not your position that they're not a creditor, but there's not any evidence in the record that they are? I see my time is about to elapse. May I answer your question briefly? I think there's not any evidence in the record that shows that the relationship between the was the responsibility of filing the proof of claim given to Great Lakes or not. What we have is a proof of claim that lists Great Lakes and the addresses for Great Lakes in it, and so for that reason, it's our position that the claim was filed on behalf of a non-governmental entity and should apply. Thank you. All right, thank you. We've got member Boateng. Your honor, I'd like to answer your question. Yes, both the entities could have filed proof of claim. Government, if they decide to fire Great Lakes, it's their birthright to fire them. If they want Great Lakes to file a proof of claim, they could have. Now, Judge Saldana, you asked a question about the creditor, or how do we know what the Great Lakes role is. The schedule is ROA page 61. That's just one page of that schedule that lists that creditor. It lists it exactly the same way, USDOE slash GLELSI. The reason I did that, because the notices are going to go to Great Lakes. That's why. But on that proof of claim, which the appellee would like you to believe that I filed on behalf of Great Lakes is not correct. The proof of claims are Record on Appeal 548 to 554, and then 555 to 564. There are three columns to list these names. The first one is, who is the current creditor? The answer to that is USDOE slash GLELSI, the reason. Then the next question is, where should notice to the creditor be sent? Again, the same names, USDOE slash GLESI. Then there's the more pertinent question that the appellee did not address. She talked about the address, but not the name. Where should payment to the creditor be sent? In there, I spelled out U.S. Department of Education, with no reference to Great Lakes, because the payment is going to the government. I believe that address is government's. I haven't verified. She testified I have not checked, so I cannot dispute. But I believe that address is the government's address. The payment was supposed to be sent by the trustee to the government directly. Even if it's supposed to be sent through Great Lakes, it still does not change that fact. That payment is going to U.S. Department of Education. Now, what's in the record, what's not in the record, besides this? It looks like if I sent a check for Evlon Charles to you, it would still say Evlon Charles. You would still not be able to go get the check paid to you, so you would still have to give it to Evlon Charles. I could probably cash it in my IOLT account and then write a check to Evlon Charles. I've done that at times, because if the client authorizes me to do that. If you're authorized, but just in general, you couldn't show up at a bank and say, hey, here's, and not have proof that you're Evlon Charles and cash the check. Right. And, Your Honor, the other thing is, besides this record, which I don't believe there was a confusion, in 59E, we filed the application and the loan description. There were two affidavits filed, one by Ms. Charles, who said she took the loans from the government. Great Lakes is merely the servicer. Then there was an affidavit by me, saying that I pulled out two, three pages from the website of both U.S. aid, federal U.S. aid, and from Great Lakes, that describes the relationship between Great Lakes and the government. And I can give you those record pages, Your Honor. Those pages are, I just have it here. Okay, one second. Your Honor, those pages are 279 until 319. And that includes the whole motion and all the exhibits attached to it, including the affidavits. So there is no confusion. And if there was, the bad part, bad thing for Appley is the court found that the U.S. department is the creditor. The court found that Great Lakes is only a servicer. But I don't know why the conclusion that you are untimely, they did not describe, they did not fill in that blank. So the analysis up to here, whether who's servicing . . . It isn't really an abuse of discretion review. It's more a legal question of whether . . . It is a legal question, Your Honor. What's the deadline when you have a government with a private servicer? What's the deadline? And can that deadline be reduced by the courts? That's the question. That's a legal question, Your Honor. Unless you have questions? Okay. Thank you both. We appreciate your arguments. And you all are excused. And that ends today's arguments. We want to again thank Judge Saldana for serving with us. We appreciate her. And tomorrow there will be more oral arguments in this courtroom. Thank you.